| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF GOODHUE | FIRST JUDICIAL DISTRICT |
| | CIVIL ACTION NO. |

JENNIFER MILES )
  Plaintiff )
)
vs. )
) ANSWER OF KYLE D. KILLIAN
SIMMONS UNIVERSITY AND )
KYLE D. KILLIAN )
)
  Defendants )

1. Admit that Covid-19 has led to an increase in work schedules and video conferencing. Denied that Covid-19 had any connection to the Plaintiff's allegations of harm, as the Plaintiff alleges the incident in question occurred in February 2019, long before the outbreak of Covid-19. Allegation that I posted a video of the Plaintiff to the internet in any form denied. Remaining allegations unknown.

2. Address unknown.

3. Admit.

4. Admit residence in Massachusetts, and while not necessarily an "employee" of Simmons, I did contract with Simmons to teach the course.

5. Denied.

6. Denied.

7. No response required.

8. Admit.

9. Admit.

10. Admit.

11. Admit, yet SWO 467 is not a more privacy sensitive course than any other.

12. Admit.

13. Denied, it was Simmons, not myself, that directed that remote course instruction occur through Zoom sessions via the 2U platform. 2U is a technology contractor of Simmons.

14. Admit.

15. Unknown.

16. Admit.

17. Admit that Miles participated, her location is unknown.

18. Denied, I was not in Ohio, nor do I have a home in Ohio.

19. Admit.

20. I contracted with Simmons to teach the course, unknown if I am an "employee" within the scope of my employment.

21. Unknown.

22. Denied. I did not see Plaintiff using the bathroom; the student who was talking occupied my attention.

23. Unknown.

24. Unknown. Sessions were recorded via 2U and Zoom. The sessions were available to all class participants and all students enrolled in the course and presumably some employees of 2U. It is also possible that the sessions may be accessible by faculty and/or administrators within the Simmons University community.

25. Admit. See above.

26. Unknown.

27. Admit.

28. Admit.

29. Admit.

30. Admit, however, the incident in question occurred in February 2019 prior to Covid-19 pandemic.

31. Unknown.

32. Unknown

33. Unknown.

34. Admit.

35. Denied. Location on screen in Zoom changes depending on a variety of factors, including, but not limited to, who is hosting a session, when they enter the session, and whether a participant leaves and re-enters.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Unknown.

41. Admit.

42. Denied. As required by Simmons, the recording of the session was stored by 2U per its contract with Simmons. In order for the session to be recorded it is necessary that that an instructor click a button on the corner of the Zoom window, which I did. The session recording was not locally stored in my computer, but is stored within the 2U system for Simmons. Furthermore, I did not record the session with a cell phone or any other device.

43. Denied.

44. Denied.

45. Denied; I did not post the video, remainder unknown.

46. Unknown.

47. Unknown.

48. Unknown.

49. Unknown.

50. Unknown.

51. Unknown.

52. Unknown.

53. Denied, I did nothing to damage or harm the Plaintiff.

54. No response required.

55. Denied. See response No. 42.

56. Denied.

57. Denied that I published the video.

58. Admit.

59. Denied.

60. No response required.

61. Unknown if I was "employed"; I did contract with Simmons to teach the course.

62. Denied. I did not post the Zoom video of Plaintiff. Admit, I was teaching the class pursuant to my contract with Simmons.

63. Denied.

64. Denied, I did not publish the video.

65. Admit.

66. Denied. I did not engage in any conduct which would make myself or Simmons liable for any damages.

67. No response required.

68. Denied. No intrusion by me.

69. Denied. No intrusion by me.

70. Denied. No intrusion by me.

71. Denied. No intrusion by me.

72. Denied.

73. No response required.

74. See previous response.

74. Denied. I did not post the video.

75. See previous response.

76. Denied.

77. Denied. I did not post the video.

78. Denied that I intruded on Plaintiff.

79. Denied.

80. Denied.

81. Denied.

82. No response required.

108.    Denied. I did not post the video.

109.    Denied.

Further Answering

1. No prayers for relief should be granted because I did nothing wrong or unlawful, and the allegation that I posted the video is false and groundless. The video in question could have been posted by any number of persons, including so-called hackers, not authorized to access the session. There is no evidence from any source whatsoever that I was the person who posted the video. This Complaint is based solely on Plaintiff's bald allegation, with zero corroborating evidence.

2. This Court has no jurisdiction over this matter.

3. As there is no basis nor evidence to support this Complaint, this Defendant should be awarded his attorney fees and costs to defend this action.

_____
Kyle D. Killian, pro se
62 Lexington St.
Belmont, MA 02478

Dated: 10/19/2020

I, Kyle D. Killian, certify that I have served a copy of this document, my mailing a copy of same, postage prepaid to Cassandra Merrick, Madel PA 800 Hennepin Ave., 800 Pence Building, Minneapolis MN, 55403, Simmons University at 300 Fenway, Boston MA 02115, and to the First Judicial Court for Goodhue County, 454 W 6th St, Red Wing, MN 55066.

Dated: 10/19/2020            _____
                              Kyle D. Killian